IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MICHAEL I. KENT,<br><br>Plaintiff,<br><br>v.<br><br>GULF COAST SECURITY ENTERPRISES, LLC, SHOWTIME BODY GUARDS & ETC, LLC and TOMMIE LANDRUM,<br><br>Defendants. | Case No.: 18-00106-CG-C |

**REPORT AND RECOMMENDATION**

This matter comes before the court on the Plaintiff's Request for Default Judgment. An entry of default has already been made against defendants Gulf Coast Security Enterprises, LLC, Showtime Body Guards & Etc, LLC and Tommie Landrum. (Doc. No. 14)

Under S.D. Ala. Gen LR 73(c) and 28 U.S.C. §636(c), this case was randomly assigned to the undersigned Magistrate Judge for all purposes, including entry of a final judgment, as set out in the Notice of Assignment to United States Magistrate Judge for Trial entered March 8, 2018. (Doc. 2) The plaintiff has expressly consented to the undersigned conducting all proceedings in this case. However, as the defendants have not appeared and therefore have not consented, this civil action has been re-assigned to Senior United States District Judge Callie V.S. Granade.

Plaintiff's claims against Defendants arise under the Fair Labor Standards Act. (the "FLSA"), 29 U.S.C. §§ 201, *et seq*. The FLSA's "provisions are not subject to negotiation or bargaining between employers and employees." *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Hogan v. Allstate Beverage Co.*, 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011)

1

The complaint has been reviewed and the undersigned is satisfied that it sets forth viable causes of action against each defendant under the FLSA. The plaintiff has also satisfied the court that he was a non-exempt employee of the defendants pursuant to the FLSA; that the defendants knowingly failed to pay him in conformity with the requirements of the FLSA by failing to pay him the statutory minimum wage for "straight time" hours and for failing to pay him at 1.5 times his regular rate for overtime hours worked. All of the factual allegations in the complaint are deemed admitted by virtue of the defendants' default, and because they are sufficient to state claims under the FLSA the Court finds that each defendant is liable to plaintiff.

Even after the entry of default, it remains the plaintiff's burden to prove the amount of damages to which he is entitled. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey,* 510 F.Supp.2d 588, 593 n .5 (S. D. Ala.2007);

Here, the sum plaintiff seeks is accompanied by evidentiary support in the form of affidavits setting out the amount claimed, together with an explanation for how he arrived at that amount.

December, 2015 – April, 2016.

Plaintiff alleges that from December, 2016 until the end of April, 2016 he was paid $7.75 an hour by Defendants but was not paid a higher rate for hours in excess of 40 hours a week.

> "[T]he FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (citation omitted). Section 207 is captioned "Maximum Hours" and paragraph (a)(1) states as follows:
>
> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours

2

> unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

*Buchanan v. Bahama Bob's Beachside Cafe, Inc.*, 2017 WL 1251015, at *3 (S.D. Ala. Apr. 4, 2017) The evidence presented establishes that during this period he worked 113.5 overtime hours (more than 40 in a workweek) for which he was paid $7.25 an hour rather than $10.87 an hour as required by the FLSA. The underpayment totals $448.33, but plaintiff states he was paid $200.00 cash on one occasion. The residual underpayment is $248.33

B. May, 2016 – January, 2018.

The evidence before the court establishes that beginning May, 2016 and through January, 2018 the defendants always paid plaintiff less than $7.25 an hour for all hours worked in each and every week. The evidence is that plaintiff was usually paid twice a month, but sometimes was paid late, and sometimes was not paid at all. Entitlement to the minimum wage and overtime pay mandated by the FLSA is to be calculated on a weekly basis. The FLSA takes a single workweek as its standard. 29 CFR § 778.104; *Freixa v. Prestige Cruise Servers, LLC*, 853 F.3d 1344, 1346 (11th Cir. 2017) However, as the evidence establishes that starting May 1, 2016 plaintiff was paid less than the FLSA requires every week that he worked for defendants, the total amount he was underpaid is the same whether the wages he actually did receive are credited as a lump sum total or reapportioned as weekly payments notwithstanding that payments were typically made to him twice a month.

The evidence establishes to the court's satisfaction that the plaintiff should have been paid $7.25 an hour for a total of 3,466.0 hours over 88 workweeks from May, 2016 – January, 2018 and that he should have been paid $10.87 an hour for at least 942.5 hours worked in excess of 40 hours a workweek during that time. The evidence before the court is that the plaintiff was underpaid $10,079.35.

3

C.  Liquidated Damages.

As described above, the total plaintiff should have been paid as required by the FLSA but was not paid is $10,327.68. Section 216(b) of the FLSA provides that

> "... [a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages ..."

29 U.S.C. § 216(b)

Liquidated damages in the amount of $10,327.68 are due to the plaintiff.

D.  Attorney's Fees.

The FLSA requires that the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Buchanan v. Bahama Bob's Beachside Cafe, Inc.*, at *4 .

The court has considered the factors articulated in *Lynn's Food and Johnson v. Georgia Highway Express, Inc.*,[1] 488 F.2d 714, 717-19 (5th. Cir. 1974)[2], and finds that the attorney's fee and costs requested by plaintiff are reasonable. "The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The product of these two figures is the lodestar and there is a strong

---

[1] Those factors are as follows: "1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases." *Farley v. Nationwide Mut. Ins. Co.*, 197 F. 3d 1322, 1340 n.7 (11th Cir. 1999); *see also Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 ("In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the court is to consider the 12 factors enumerated in *Johnson*).

[2] "[T[he decisions of the United States Court of Appeals for the Fifth Circuit (the "former Fifth" or the "old Fifth"), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981)

presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008)(internal citations and quotation marks omitted). That, "does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward." *Cullen v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1492 (11th Cir. 1994)(citation omitted); *see also Ass'n of Disabled Ams v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006)("In calculating a reasonable attorney's fee award, the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the 'lodestar' . . . The Court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit."); *Reynolds v. Ala. Dep't of Transp.*, 926 F. Supp 1448, 1453 (M.D. Ala. 1995)("After calculating the lodestar fee, the court should then proceed with an analysis of whether any portion of this fee should be adjusted upward or downward.")

This court's customary hourly rates for attorneys generally range from $250.00 to $300.00 for more experienced and qualified attorneys, and $75.00 for paralegals. *Goldsby v. Renosol Seating, LLC*, 2013 WL 6535253, at *9 (S.D. Ala. Dec. 13, 2013) Attorneys with similar experience levels, skill levels, and relevant expertise as plaintiff's counsel have been found to have reasonable rates of $300.00 an hour. See *Smith v. Werner Enterprises, Inc.*, 2015 WL 7185503, at *4 (S.D. Ala. Nov. 13, 2015) Plaintiff's counsel has submitted for the court's consideration detailed billing records and other information, supporting both the number of hours reasonably expended on the case and the basis for reasonable rates of $275.00 an hour for plaintiff's counsel whose representation and competence level is known to this court and who has practiced law in this community since 1996. Having considered all the relevant factors, in this case the court finds that an hourly rate of $275.00 is a reasonable rate from which to calculate a reasonable attorneys' fee.

A court may award fees for the work of non-lawyer paralegals and non-lawyer law clerks, but only to the extent they perform work "traditionally done by an attorney." *Vanderbilt Mortg. And Fin., Inc. v. Crosby*, 2015 WL 5178719, *2 (S.D. Ala. Sept. 54, 2015); *SE Prop. Holdings, LLC v. 145, LLC*, 2012 WL 6681784, *4-5 (S.D. Ala. Dec. 21, 2012). The work for which fees have been requested for a paralegal in this case does not include secretarial tasks and reflects work traditionally done by attorneys. A rate of $75.00 for time incurred by a paralegal is also reasonable.

A total attorneys' fee of $10,610.00 is reasonable. Plaintiff's counsel spent approximately 35.8 hours on efforts, which were necessary to investigate, pursue, and establish to this Court's satisfaction, and Plaintiff's attorney's paralegal reasonably spent 10.2 hours doing so.

E. <u>Costs.</u>

Plaintiff has also established entitlement to an award of costs totaling $1,413.38 in this civil action. 28 U.S.C. § 1920.

## <u>CONCLUSION</u>

1. It is recommended that a Default Judgment against Defendants Gulf Coast Security Enterprises, LLC, Showtime Body Guards & Etc, LLC and Tommie Landrum be **GRANTED**, with a separate Judgment shall be entered against Defendants Gulf Coast Security Enterprises, LLC, Showtime Body Guards & Etc, LLC and Tommie Landrum, jointly and severally. The amount of the recommended judgment is $31,265.36 inclusive of an attorney's fees of $10,610.00. Additional costs totaling $1,413.38 are also due to be awarded.

2. The court retains jurisdiction over any post-judgment discovery matters, post-judgment execution matters, and as to any post-judgment motion to award additional attorney's fees or costs associated with post-judgment collection efforts.

**DONE** and **ORDERED** this the 10th day of December 2018.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**