IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL I. KENT, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 18-0106-CG-C |
| GULF COAST SECURITY ENTERPRISES, LLC, SHOWTIME BODY GUARDS & ETC. LLC, and TOMMIE LANDRUM, | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Plaintiff's motions to order in and condemn funds (Doc. 34 & 41), Plaintiff's supplement to motions to order in and condemn funds (Doc. 43), and Plaintiff's motion for order directing Clerk to disburse funds received for garnishment (Doc. 45). Plaintiff requests that this Court order the Garnishees, specifically Mobile Housing Board, Bishop State Community College and Shoe Station, to pay to the Clerk of this Court any funds that are not wages and are held by them as a result of the Garnishment filed in this case.

The Court notes that Shoe Station and Bishop State Community College filed answers to the Garnishment (Docs. 32 & 39) stating that they possess money belonging to one or more of the Defendants. Additionally, Mobile Housing Board paid $7,176.00 into the Court on February 22, 2019 (Doc. 35) and paid $4,692.00 into the Court on March 8, 2019 which it states is not wages or salary. (Docs. 46, 47). Judgment was entered against the Defendants in this case on January 4, 2019,

1

awarding Plaintiff a total of $ 32,678.74 plus post judgment interest at the statutory rate of 2.7%. (Doc. 21). Plaintiff's counsel avers that "[s]aid judgment is unpaid and outstanding and no other credits have been received." (Doc. 25-1).

Alabama law provides that if a garnishee admits possession of property of the defendant, then a judgment of condemnation must be entered against such property after entry of judgment in favor of the plaintiff in the original action. ALA. CODE § 6–6–456. Under Alabama law, a garnishee that admits possession of money belonging to the defendant must pay the money into court. ALA. CODE § 6–6–452. Civil Local Rule 67 (e) provides that funds deposited by the Clerk of Court will be disbursed only with prior order of the Court and that counsel for the party receiving the funds shall furnish to the Clerk, in writing, the social security number or tax identification number of any and all recipients of more than $10.00 of the interest accrued. The monies deposited with the Court are in a non-interest-bearing account. Thus, no interest has accrued on the deposited monies.

Upon consideration, Plaintiff's motions (Docs. 34, 41, 43 & 45), are **GRANTED** as follows:

1. **The Garnishees in this case are hereby ordered to pay to the Clerk of this Court any funds they are holding as a result of the Garnishment that are not exempt wages and are not otherwise exempt**.

2. The **Clerk of Court** is **ORDERED** to disburse **$11,868,** which was received from Mobile Housing Board, to Holston Vaughan & Rosenthal LLC as attorneys for Michael Kent.

2

**DONE** and **ORDERED** this 25th day of March, 2019.

                                  /s/ Callie V. S. Granade
                                SENIOR UNITED STATES DISTRICT JUDGE